OPINION
The parties had three children during the course of their marriage. At the time the instant case arose, two of the children were emancipated, but one child remained dependent upon the parties for support.
On February 15, 1996, an attorney filed a motion on behalf of the Coshocton County Child Support Enforcement Agency seeking to modify support. On July 29, 1996, a Magistrate issued a decision, making findings regarding the appropriate amount of child support payable by appellant Adrian Couch, as well as allocating the income tax dependency exemption to appellant.
On May 30, 1997, appellee filed a motion requesting the court to allow her to claim the minor child as a dependent for income tax purposes for 1996 and all years thereafter. The case proceeded to a hearing before a Magistrate in the Common Pleas Court. Following this hearing, the Magistrate allowed appellant to claim the child for tax purposes for the year 1996, pursuant to the court's prior order. However, the Magistrate determined that appellee should be entitled to the dependency exemption for the year 1997 and years thereafter. Appellant filed objections to the report of the Magistrate. The court entered judgment in accordance with the Magistrate's determination.
Appellant assigns two errors:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN ALLOCATING THE INCOME TAX DEPENDENCY EXEMPTION TO APPELLEE.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION.
 I.
Appellant argues that the court erred in allocating the dependency tax exemption to appellee. Before the court can allocate the exemption to a non-custodial parent, the trial court must find that the interest of the child has been furthered by such an allocation. Bobo vs. Jewell (1988), 38 Ohio St.3d 330,332. The best interest of the child is furthered when the allocation of the exemption to the non-custodial parent produces a net tax savings for the parents. Singer vs. Dickinson (1992),63 Ohio St.3d 408, paragraph two of the syllabus.
Appellant first argues that the court did not have authority to modify the tax exemption, as the court made no finding that there had been a change in circumstances justifying modification of the child support order. However, this finding was made in the original Magistrate's decision, filed July 29, 1996. Further, R.C. 3113.21(C)(1)(f) provides that a trial court may reconsider the issue of which parent may claim a child as a dependent for tax purposes whenever the court modifies, reviews, or otherwise reconsiders a child's support order.
At the hearing, appellee presented expert testimony of an accountant and tax preparer. According to his testimony, the allocation of the dependency exemption to either party would produce a tax savings of $742. Therefore, neither party would receive a greater tax benefit by being awarded the right to claim the child as a dependent in 1997. In addition to this testimony, the court was provided with the parties' 1996 federal and state income tax returns. Appellant presented no evidence to rebut this testimony. Therefore, as the only evidence before the court demonstrated that the allocation of the exemption to appellant would not produce a greater tax savings, the court did not abuse its discretion in awarding appellee, as the custodial parent, the tax exemption.
The first Assignment of Error is overruled.
 II.
In his second Assignment of Error, appellant argues that the court abused it discretion in overruling his objections to the Magistrate's report, as the Magistrate did not give him an opportunity to present detailed tax analysis.
At the time of the Magistrate's hearing, appellant made no attempt to present any evidence to support his recent claim that he and appellee are not in the same marginal tax bracket. Civ.R. 53(E)(4)(b) provides that the court may refuse to consider additional evidence proffered upon objections, unless the objecting party demonstrates that with reasonable diligence, the party could not have produced that evidence for the Magistrate's consideration.
Appellant claims that he demonstrated that he could not have produced this evidence with reasonable diligence, as he claims he did not receive a copy of appellee's 1996 income tax return or the income verification of her current employment. However, appellant did not demonstrate that with reasonable diligence, he could not have produced such evidence by way of subpoena or discovery.
The second Assignment of Error is overruled.
The judgment of the Coshocton County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Gwin, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the The judgment of the Coshocton County Common Pleas Court is affirmed. Costs to appellant.